UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JERRINON TATE,** | ) |
| | ) |
|    **Movant,** | ) |
| | ) |
| vs. | ) Case No: 4:20CV871 HEA |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|    **Respondent.** | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion pursuant to the Court's Show Cause Order. On November 23, 2021, the Court held an evidentiary hearing on Plaintiff's ineffective assistance of counsel claim for failure to file a notice of appeal. For the reasons set forth below, the Motion to Vacate is denied.

## FACTUAL HISTORY

The factual history of this matter is set out in the plea agreement, in the record, and by respondent in its response.

## PROCEDURAL HISTORY

On June 28, 2018, a federal grand jury returned a two-count indictment against Petitioner. In Count One, the grand jury charged Petitioner with robbing a Moto

Mart on June 21, 2018. In Count Two, the grand jury charged Petitioner with brandishing a firearm in furtherance of the crime of violence charged in Count One. On July 18, 2018, the grand jury returned a four-count superseding indictment. Counts One and Two remained the same as the original indictment. Count Three charged Petitioner with robbing a Family Dollar on June 21, 2018. Count Four charged Petitioner with brandishing a firearm in furtherance of the crime of violence charged in Count Three.

    Petitioner entered a plea of guilty to Counts Two and Four pursuant to a written plea agreement. The plea agreement set forth Petitioner's likely sentence, 168 months. In addition, the plea agreement provided that Petitioner waived all rights to appeal if the Court sentenced him to a 168-month sentence.

    At the plea proceedings, Petitioner informed the Court that he had reviewed the plea agreement, understood the agreement, and had no questions. Petitioner also acknowledged that he understood he was waiving all rights to appeal if the Court imposed a sentence of 168 months or less.

    Petitioner appeared before the Court on August 13, 2019, for sentencing.  At that time, the Court sentenced Petitioner to the mandatory minimum term of imprisonment of 84 months on Count Two and a mandatory consecutive minimum term of imprisonment of 84 months on Count Four, resulting in an aggregate

sentence of 168 months' imprisonment. This sentence was consistent with the plea agreement and Petitioner's expectations.

Defense counsel filed a "Notice of Compliance with Local Rule 12.07(A)" with the Court on August 15, 2019. Cr-DCD 68. The Notice reflects that Petitioner declined to sign the notice. No notice of appeal was filed.

On June 29, 2020, Petitioner timely filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner asserted that his counsel was ineffective because he failed to file a notice of appeal. He also claims that his sentence is invalid after the First Step Act eliminated mandatory stacking imposed by 18 U.S.C. § 924(c)(1)(c) and reduced statutory penalties.

**Ground One-Ineffective Assistance of Counsel**

At the evidentiary hearing, the Court heard testimony from two witnesses. Both Petitioner and his attorney William T. Marsh testified and were each subject to cross-examination. Petitioner testified that he told his attorney he wanted him to file a notice of appeal. Marsh testified that, had Petitioner told him to file a notice of appeal, he would have.

A review of the transcript from the evidentiary hearing establishes that Marsh was a credible witness. Petitioner was not.

With regard to Petitioner, he testified that he did not recall ever discussing the standard waiver of appeal provision with his attorney; he did not remember

3

being in the courtroom for his change of plea proceedings; he did not remember the Court asking him whether he had read the agreement and that he responded he had; he did not remember the Court asking him whether he had any questions about the plea agreement; he did not remember telling the Court that he was satisfied with his attorney; he did not remember the Court talking to him about his appellate rights at the plea proceedings; he did not remember the prosecutor talking about his waiver of appellate rights at the plea proceedings; and while he remembered telling Marsh to appeal, he did not remember any other discussions with Marsh about appealing. It is not credible that Petitioner cannot remember anything about his plea and sentencing but can specifically recall he asked his attorney to appeal.

Further undermining Petitioner's credibility is his admission that he has lied under oath:

> Q: So after that when you were under oath in front of Judge Autrey and Judge Autrey asked you while you were under oath, sworn to tell the truth, that you were satisfied with your attorney, you didn't tell him the truth. Is that what you are saying, you lied under oath?
> A. Yes, I lied under oath.

As Petitioner has lied before under oath, there is no reason to believe he is now being truthful in these proceedings regarding what discussions he had with Marsh about his appeal.

4

On the other hand, Attorney Marsh was credible in his testimony that, had his client asked him to file a notice of appeal, he would have done so. His client did not ask him to. Marsh has been an attorney for 13 years. He has been a federal public defender with the Eastern District of Missouri for five years. Prior to that, he was a state public defender for the State of Missouri for seven years.

As an attorney, Marsh was required to take and pass the Multistate Professional Responsibility Examination, a national examination focusing on ethical standards. Since becoming licensed in the State of Missouri, he has taken at least 15 hours a year of continuing legal education, with all of that education focused on issues facing criminal defense attorneys. Through all of his training and experience, Marsh is aware that there are certain fundamental decisions that reside solely with the client: (a) the decision to proceed to trial; (b) the decision to testify; and (c) the decision to appeal the conviction and/or sentence. Attorney Marsh always discusses with his clients these three fundamental rights.

Even if there are absolutely no grounds on which to file an appeal, there is no chance of winning and the defendant has waived all rights to appeal, if the defendant is insistent that he wants to appeal, "[w]e are bound to honor that and file a notice of appeal." There has never been a time in Mr. Marsh's experience where a client has asked him to file an appeal and he has not done so.

Marsh's practice with respect to the Notice of Compliance with Local Rule 12.07(A), varies depending on the circumstances. In cases where there is a joint recommendation, he tries to fill out the form before the sentencing hearing because the expectation is that, if the judge is going to follow the parties' joint recommendation, there would be no reason to file a notice of appeal. If, on the other hand, there is some question as to what the sentence is going to be or if it is a contested hearing, Marsh usually just fills out the caption and nothing else. This is because he does not yet know what the defendant would like him to do with respect to the appeal. In his extensive experience, when his clients want him to appeal, they sign the Notice of Compliance. When they do not want him to appeal, they still sign the Notice. On the few occasions when a client has refused to sign the Notice, it "tends to be when they are just generally upset with the outcome, and they don't want to discuss anything. They just want to leave the courtroom angry." Petitioner makes much of the fact that he did not sign the 12.07 Notice of Appeal form, and this is evidence he told his attorney to file a notice of appeal.  Marsh, however, explained that as follows:

> This was a case where, as we have discussed, there was a joint recommendation, so while I don't recall specifically what happened that day, I would assume that I had filled it out prior to the sentencing hearing because not only did we have a joint recommendation, but we were before a judge who tends to honor joint recommendations, so my expectation was that Judge Autrey was going to sentence Mr. Tate to the agreed upon 14 years. I had filled this out assuming that Mr. Tate was not going to want me

6

to file a notice of appeal based on the agreement that we had, and when I presented the document to Mr. Tate, he declined to sign it, so I had to scratch out the part that I had already checked off because his actions were inconsistent with what my expectations had been.

Marsh testified that, had Petitioner wanted him to appeal, Marsh may still have marked the form indicating that the defendant declines to sign this notice. However, he would have checked the box that said a notice of appeal will be filed. The fact that Petitioner did not sign the 12.07 document had no bearing on whether Petitioner wanted him to appeal:

From what I remember, Mr. Tate was not particularly happy with the sentence, and the impression I had was that he was upset and that he left the courtroom and he simply declined to sign the notice.

Had Petitioner asked Marsh to appeal, his "practice would be to honor that request and file a notice of appeal ... [b]ecause it's not my decision whether to file one or not, it's his, and it's a decision that I have to honor, and I do."

In general, to state a claim for relief under 28 U.S.C. § 2255, a federal prisoner must prove one of the following: (1) his sentence was imposed in violation of the laws or Constitution of the United States; (2) the sentencing court did not have jurisdiction to impose the sentence; (3) his sentence exceeded the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424 (1962).

The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to relief in cases involving collateral attack on a criminal conviction. *United States v. Skinner*, 326 F.2d 594, 597 (8th Cir. 1964).

7

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly addressed in a § 2255 motion. *United States v. Looking Cloud*, 419 F.3d 781, 788-89 (8th Cir. 2005).

A petitioner "faces a heavy burden" to establish ineffective assistance of counsel pursuant to section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the movant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Sera*, 267 F.3d 872, 874 (8th Cir. 2001); *DeRoo*, 223 F.3d at 925.

An attorney's performance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88; *Sera*, 267 F.3d at 874. There are two substantial impediments to making such a showing. First, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689); *Sera*, 267 F.3d at 874. *See also Ford v. Lockhart*, 905 F.2d 458, 462 (8th Cir. 1990) (evaluation of a claim of ineffective assistance of counsel is highly deferential with a strong presumption that counsel acted competently). Second, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually

8

unchallengeable." *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). When reviewing counsel's performance, a court must avoid using "the distorting effects of hindsight" and must evaluate the reasonableness of counsel's conduct "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

In addition to proving a deficiency in counsel's performance, the movant must also prove that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Strickland*, 466 U.S. at 692. The burden is on the movant to prove, by a preponderance of the evidence, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *DeRoo*, 223 F.3d at 925.

A court need not even determine whether a movant meets the "performance" prong of the *Strickland* test. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Young v. Bowersox*, 161 F.3d 1159, 1160 (8th Cir. 1998) (quoting *Strickland*, 466 U.S. at 697), *cert. denied*, 528 U.S. 880 (1998). *See also Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir.) (if the petitioner makes an insufficient showing on one component, the court need not address both components), *cert. denied*, 531 U.S. 829 (2000).

9

Defense counsel "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). The term "consult" means to advise the defendant of the advantages and disadvantages of appealing and making a reasonable effort to determine the defendant's wishes. *Flores-Ortega*, 528 U.S. at 478.

When determining whether this duty to consult has been satisfied, courts consider: (1) whether the conviction follows a trial as opposed to a guilty plea; (2) whether the defendant received the sentence bargained for as part of a plea agreement; and (3) whether the plea agreement waived some or all appeals rights. *Id*. at 480.

"If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id*., at 478. See also *Garza v. Idaho*, 139 S.Ct. 738, 746 (2019) (When "a defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instructions."); *Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015) ("An attorney's failure to file a requested

10

appeal automatically satisfies the deficient-performance prong of *Strickland* because it is professionally unreasonable."); *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so."); *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) ("[A]n attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary.").

To succeed on his claim, Petitioner "must show that he manifestly 'instructed [his] counsel to file an appeal.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (alteration in original), quoting *Barger*, 2014 F.3d at 1182. A petitioner's "bare assertion" that he made such "a request is not by itself sufficient to support a grant of relief," if more credible evidence indicates otherwise. *Barger*, 204 F.3d at 1182.

The circumstances of the case support the fact that Marsh's representation of Petitioner at this juncture was constitutionally appropriate. Petitioner entered a guilty plea. He admitted during plea proceedings that he thoroughly understood the terms of the plea agreement and the plea proceedings, including his appellate waiver. Petitioner bargained for a 168-month term of imprisonment in the plea

11

agreement and the Court imposed that agreed sentence. The plea agreement and plea proceedings clearly explained that, if the Court imposed a sentence of 168 months or less, Petitioner waived all rights to appeal. Petitioner acknowledges that he consulted with his attorney about his right to appeal. In the declaration he filed with his § 2255 motion, he states that he asked his attorney about an appeal and his attorney responded by discussing the appeal waiver and informing him that he had waived his rights to appeal.

Although Petitioner testified that he instructed his counsel to file an appeal, this testimony is not credible for the reasons stated herein. Instead, the testimony of Attorney Marsh is more credible, *i.e.*, Petitioner did not ask him to file an appeal and, had he so asked, Marsh would have done so. Marsh is an attorney in good standing with the Missouri State Bar and the United States District Court for the Eastern District of Missouri. He has been an Assistant Federal Public Defender for many years. His practice has always been to file a notice of appeal for a client when asked. Had Petitioner here asked him to file a notice of appeal, he would have done so, regardless of his own opinion as to the merits of that action. Because the Court finds Petitioner did not ask Marsh to appeal, Petitioner's claim of ineffective assistance of counsel fails. *Walking Eagle*, 742 F.3d at 1082.

**Ground Two**

Petitioner claims that his sentence is invalid because it entails consecutive sentences which he claims are in violation of the First Step Act.

Assuming *arguendo* this ground for relief is not procedurally barred, as the government thoroughly explains, the sentence imposed in this matter is consistent with the First Step Act. Petitioner's two counts arose in the same indictment and Petitioner did not have a prior conviction under § 924(c), therefore, under the First Step Act, the Court could only impose a seven-year sentence on the first § 924(c) count and a consecutive seven-year sentence on the second count, resulting in an aggregate 14-year sentence of imprisonment. The sentence imposed herein is entirely proper under the First Step Act. As such, Petitioner's ground two is without merit.

## CONCLUSION

For the reasons discussed above, the motion under 28 U.S.C. § 2255 is denied as to all claims.

## CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is

13

held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Having thoroughly reviewed the record in this case, the Court finds that Movant has failed to make the requisite "substantial showing." *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

14

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 14th day of April 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE